J-S29014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN COX | |
| Appellant | No. 2245 EDA 2016 |

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011616-2015

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2017**

Nathan Cox appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after the Honorable Paul Penepinto found him guilty of multiple drug offenses[1]. After careful review, we affirm.

The trial court set forth the facts of this case as follows:

> At the hearing on [Cox's] motion to suppress, Police Officer Joseph Ferrero testified that on October 30, 2015, at approximately 8:30 p.m., his tour of duty took him and his partner, Officer Grant to the location of 1227 Chancellor Street in the city and county of Philadelphia.  The officers went to that

---

[*] Former Justice specially assigned to the Superior Court.

[1] Possession with Intent to Deliver (PWID), 35 P.S. § 780-113(a)(32),  and Knowing and Intentional (K/I) Possession of Controlled Substances, 35 P.S. § 780-113(a)(30).

location for both narcotics enforcement and because that particular corridor of Chancellor is a high crime area.

Officer Ferrero testified that he turned onto the 1200 block of Chancellor at approximately 8:35 p.m., in an unmarked police car. Furthermore, Officer Ferrero testified that when he turned down Chancellor Street he observed Appellant standing in the middle of the street, with another male, later identified as James Taylor, and [Taylor] handed this Appellant denominations of United States currency. At that time[,] the Appellant placed the United States currency in his right cargo pants pocket and then retrieved a pill bottle from that pocket. Appellant, using a pinching motion, then handed small objects to [Taylor]. [Taylor] and [Cox] looked in the direction of the officers and both parties began to walk away. Shortly thereafter, Officer Ferrero stopped Taylor and Officer Grant stopped [Cox]. In Taylor's left hand was a small rock of an off-white chunky substance alleged crack cocaine and placed on property receipt number 3212913. Also recovered from Taylor was a glass crack pipe, placed on property receipt number 3212910. Also recovered from the same right cargo pants pocket where Officer Ferrero observed [Cox], [Officer Ferrero] recovered $167 dollars United States Currency, placed on property receipt number 3212910. Also, recovered from that same right cargo pants pocket where Officer Ferrero observed [Cox][] both retrieve and place the pill bottle back into[] was an amber pill bottle containing thirty-two peach colored pills later identified as alprazolam, schedule IV narcotic, one off-white chunky small rock, alleged to be crack cocaine, and on red and yellow jar, both containing a green weedy substance, alleged marijuana.

When Officer Ferrero turned down Chancellor Street, he testified that his vantage point of [Cox] was through the windshield of his vehicle and he had a profile of [Cox's] right side and [Taylor's] left side. In addition, Officer Ferrero testified his headlights were turned on and there are lights on the 1200 block of the conversation between Appellant and [Taylor].

Officer Ferrero has been a police officer for twenty-one years in the 6th district as a part of the Narcotics Enforcement team, and also part of the vice enforcement team since 2007. He has been involved in over fifty arrests for narcotics, robbery, assault, and prostitution in the 1200 block of Chancellor Street since 2015. Based on his experience with that part of Chancellor Street being high crime and his observation from the interaction between

[Cox] and [Taylor], specifically [Cox's] pinching motion to [Taylor's] open hand, Officer Ferrero believed that [Cox] was engaged in an illegal narcotics transaction. Officer Ferrero testified he has previously observed this pinching motion during his time working in the [sixth] district. More specifically, Officer Ferrero testified that 'probably every time' in the past that he has observed the pinching motion used by [Cox] he has made a narcotics arrest.

Trial Court Opinion, at 2-4 (N.T. citations omitted).

On May 25, 2016, following a waiver trial, the trial court found Cox guilty of all charges. The trial court imposed a sentence of fifteen to thirty months' imprisonment and two years' reporting probation. Cox filed a timely appeal, and on July 18, 2016, he filed a court-ordered concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pa.R.A.P. On October 20, 2016, Cox filed a supplemental statement of errors. On appeal, Cox claims:

> Did not the court below err in denying [Cox's] motion to suppress the physical evidence recovered from [Cox's] pocket, where the [Officer Ferrero] came upon [Cox] handing [Taylor] objects after [Cox] accepted money, but where an insufficient nexus was established between the [Officer Ferrero's] experience and his observations that would give rise to probable cause under the totality of the circumstances?

Brief of Appellant, at 3.

In reviewing a challenge to the suppression court's denial of a motion to suppress, we apply the following standard of review:

> Where the defendant challenges an adverse ruling of the suppression court, we will consider only the evidence for the prosecution and whatever evidence for the defense which is uncontradicted on the record as a whole; if there is support on the record, we are bound by the facts as found by the

- 3 -

suppression court, and we may reverse that court only if the legal conclusions drawn from these facts are erroneous. Moreover, even if the suppression court did err in its legal conclusions, the reviewing court my nevertheless affirm its decision where there are other legitimate grounds of admissibility of the challenged evidence.

*Commonwealth v. O'Shea*, 567 A.2d 1023, 1028 (Pa. 1989) (citations omitted). When addressing challenges to the denial of a suppression motion, this Court must view the evidence in a light favorable to the Commonwealth, as the prevailing party. *Commonwealth v. Jackson*, 907 A.2d 540, 542 (Pa. Super. 2006). Cox claims the observations made by Officer Ferrero did not meet the requirements for probable cause set forth in *Commonwealth v. Thompson*, 985 A.2d 928 (Pa. 2009). We disagree. Judge Penepinto correctly denied Cox's suppression motion.

Probable cause justifying a warrantless arrest is determined by the totality of the circumstances. *See Commonwealth v. El*, 933 A.2d 657 (Pa. Super. 2007). The suppression court may regard a police officer's experience as a relevant factor in determining probable cause for arrest. *Id.* However, a suppression court "cannot simply conclude that probable cause existed based upon nothing more than the number of years an officer has spent on the force; rather, the officer must demonstrate a nexus between his experience and the search." *Id.* at 935.

In addition to an officer's experience, additional factors the trial court may consider include: (1) an officer's close knowledge of the designated high crime area; (2) his specific knowledge about drug sales, packaging and

hand-to-hand drug exchanges on the street; and (3) his ability to connect the activity in question to past observations and arrest for similar conduct. *Id.* at 936 ("[E]vidence at the suppression hearing established that [the officer] was a nine-year veteran of the police force who was on undercover patrol in a high crime area . . . [the officer] was personally familiar with heroin sales activity in the neighborhood, heroin packaging, and hand-to-hand drug exchanges on the street. In drawing a nexus between his experience and the observation he made, [the officer] testified that he had seen this type of 'exchange done several hundred times' on the street and had made several hundred narcotics arrests of this very type").

Here, Officer Ferrero was conducting his tour of duty in the area of the 1200 block of Chancellor Street for both narcotic enforcement; he testified that particular part of Chancellor Street is a high crime area. *See In re D.M.*, 781 A.2d 1161 (Pa. 2001) (a court may consider fact that a stop occurred in a high crime area in assessing the totality of the circumstances). Officer Ferrero stated that while on his tour of duty he observed Cox standing in the middle of Chancellor Street with Taylor, who placed denominations of United States currency in Cox's hand. Cox then retrieved a "pill bottle" from his pocket and withdrew from it a small object, which he placed in Taylor's hand using a "pinching motion." N.T. Suppression Hearing, 5/18/16, at 8. When Officer Ferrero approached Cox and Taylor, both quickly dispersed in opposite directions. *See Commonwealth v.*

*Gorby*, 588 A.2d 902 (Pa. 1991) (evidence of flight is admissible and relevant to establish an inference of guilt).

Officer Ferrero testified that he has been a Narcotics Enforcement Team officer since 1995, the vice enforcement team since 2007 and an officer in the sixth district for twenty-one years. Officer Ferrero's testified that in 2015 he made "over 50" arrests in the area of 1200 Chancellor Street. *Id*. at 10. Furthermore, Officer Ferrero stated that during his time as a police officer, he has observed the "pinching motion" conducted by Cox several times, and "every time" he has executed an arrest incident to observing that motion, he recovered narcotics. *Id*. at 18.

Here, the totality of the circumstances suggest Officer Ferrero's observations, experience, training and knowledge of the particular area are sufficient to establish the requisite nexus necessary to support probable cause for a warrantless arrest.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2017